UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:19-CR-74 (JCH) |
| v. | : | |
| | : | |
| KEITH JORDAN, | : | FEBRUARY 3, 2025 |
|     Defendant. | : | |

**RULING ON MOTION FOR SENTENCE REDUCTION (DOC. NO. 2342) AND MOTION TO SEAL (DOC. NO. 2343)**

**I.   INTRODUCTION**

Pending before this court is defendant Keith Jordan's ("Mr. Jordan") Motion for Sentence Reduction, filed on September 12, 2024. See Motion for Sentence Reduction ("Def.'s Mem.") (Doc. No. 2342). Mr. Jordan seeks a reduction in his sentence because of his long sentence, low risk of recidivism, rehabilitation while in Bureau of Prisons ("BOP") custody, otherwise nonexistent criminal history, and experience of incarceration during the COVID-19 pandemic, all under 18 U.S.C. § 3582(c)(1)(A). See Def.'s Mem. The government opposes the Motion. See Memorandum in Opposition ("Govt's Opp'n") (Doc. No. 2363).

For the reasons stated below, the Motion is granted, in part. The court grants Mr. Jordan's Motion to Seal (Doc. No. 2343).

**II.   BACKGROUND**

In January 2020, Mr. Jordan pled guilty to one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. See Plea Agreement (Doc. No. 1160). Mr. Jordan had no criminal history prior to his involvement in this drug distribution conspiracy.

1

On January 27, 2021, this court sentenced Mr. Jordan to a mandatory minimum 120-month term of imprisonment.  See Judgment (Doc. No. 1926).

### III. LEGAL STANDARD

Under section 3582(c)(1)(A) of title 18 of the U.S. Code, as modified by the First Step Act of 2018, an incarcerated defendant may move for compassionate release. See 18 U.S.C. § 3582(c)(1)(A).  Pursuant to section 3582(c)(1)(A)(i), a court may not modify a term of imprisonment "once it has been imposed" except in a case where, after exhaustion of administrative remedies, the court considers the applicable section 3553(a) factors and finds that "extraordinary and compelling reasons warrant such a reduction."  Id. § 3582(c)(1)(A)(i).  Effective November 1, 2023, section 1B1.13 of the Sentencing Guidelines now applies to motions for "compassionate release" filed by individual defendants under section 3582, see Guidelines Manual § 1B1.13 (2023), and it now includes, inter alia, an expanded list of specified extraordinary and compelling reasons.  See id.

### IV. DISCUSSION

A court may reduce a previously imposed term of imprisonment where an incarcerated individual (1) has exhausted his or her administrative remedies; (2) has shown extraordinary and compelling circumstances justifying the reduction; and (3) has demonstrated that the relevant factors, enumerated under section 3553(a) of title 18 of the U.S. Code, also warrant reduction.  See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).  The court addresses these requirements in turn.

A.   Exhaustion of Administrative Remedies

An inmate may move for a sentence reduction only "after the [inmate] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Mr. Jordan does not address exhaustion of administrative remedies with the BOP in his Motion. See Def.'s Mem. However, in its Opposition, the government confirms Mr. Jordan did ask the BOP to reduce his sentence, which it denied. Govt's Opp'n at 5. The court concludes Mr. Jordan has exhausted his administrative remedies.

B.   Extraordinary and Compelling Circumstances

Mr. Jordan offers several reasons in support of his Motion to reduce his sentence. Those reasons are Mr. Jordan's: (1) otherwise unblemished criminal record and long history of lawful employment; (2) long sentence of imprisonment; (3) low risk of recidivism; (4) ample history of rehabilitation; and (5) experience of challenging prison conditions during the COVID-19 pandemic. See Def.'s Mem. at 3–11.

"[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); accord United States v. Edwards, No. 23-6139-CR, 2024 WL 3466550, at *2 (2d Cir. July 19, 2024) (summary order). Indeed, "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation alone shall not be considered an extraordinary and compelling reason.'" Brooker, 976 F.3d at 237–38 (cleaned up) (quoting 28 U.S.C. § 994(t)). Following Brooker, district courts in the

3

Second Circuit have concluded an unusually long sentence resulting from mandatory minimum requirements may amount to an extraordinary and compelling reason warranting a sentence reduction. E.g., United States v. Lespier, No. 3:98-CR-102 (SVN), 2025 WL 213732, at *3 (D. Conn. Jan. 16, 2025) ("it is clear a sentence of life in prison is an unusually long sentence, among all federal sentences imposed."); United States v. Hall, No. 3:19-CR-00074 (JCH), 2024 WL 3718341, at *4 (D. Conn. Aug. 8, 2024) (concluding that a 10-year mandatory minimum sentence amounted to an extraordinary and compelling reason warranting a sentence reduction); United States v. Williams, No. 09-CR-00558 (CM), 2023 WL 4785286, at *8 (S.D.N.Y. July 27, 2023) (concluding that a 25-year mandatory minimum sentence constituted an extraordinary and compelling reason warranting a sentence reduction).

Mr. Jordan pled guilty to one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of sections 841(a)(1), 841(b)(1)(A)(i), and 846 of title 21 of the U.S. Code. Plea Agreement. The court imposed—as required—a mandatory minimum term of imprisonment of 120 months. Judgment. The length of this sentence was principally because of the large quantity of heroin involved in the underlying offense. At the time of sentencing, Mr. Jordan had no prior criminal history and strong family support; accordingly, the court would not have imposed such a long term of imprisonment had it not been required to do so under the law. See Transcript ("Tr.") (Doc. No. 2204) at 39:5–18.[1] For this reason alone, the

---

[1] During Mr. Jordan's sentencing hearing, the court calculated his offense level, 29, and his criminal history category, I. Tr. at 24:24–25:9. The resulting guideline range was between 87 to 108 months. See id. at 25:9–10. Neither party objected to the court's calculation. Id. at 25:12–16.

4

court could find an extraordinary and compelling reason exists warranting a reduction in Mr. Jordan's sentence.

There is at least one other reason for the court to consider a reduction in Mr. Jordan's sentence: his participation in, and completion of, numerous educational programs while in BOP custody. Def.'s Mem. at 10–11. Indeed, the court applauds Mr. Jordan's efforts to rehabilitate himself. He has successfully participated in over 30 educational and training programs and has not received a single citation for violating prison rules in his four years of incarceration with the BOP. Id. at 10. Presently, Mr. Jordan works in the commissary warehouse, helping to process food and medical supplies used at his facility. Id. While the court may not reduce Mr. Jordan's sentence solely because of his rehabilitation, Brooker, 976 F.3d at 237–38, the court may consider rehabilitation in conjunction with other factors.

Though the court does not credit Mr. Jordan's argument that a reduction is warranted because of conditions caused by the COVID-19 pandemic, it nonetheless concludes this case presents extraordinary and compelling reasons warranting some reduction in Mr. Jordan's sentence. Those reasons are the extraordinary length of Mr. Jordan's original sentence, especially considering his lack of criminal history, and Mr. Jordan's well-documented history of rehabilitation.

C.      Section 3553(a) Factors

The 3553(a) factors counsel in favor of some sort of reduction in Mr. Jordan's sentence. Except for the instant conviction, Mr. Jordan has no prior criminal history, a long history of prior employment, and an exemplary record while in BOP custody. While

Mr. Jordan's offense was serious, the court, having considered all the 3553(a) factors, concludes the factors weigh in favor of a reduction in Mr. Jordan's sentence.

## V.     CONCLUSION

For the reasons stated above, Mr. Jordan's Motion for Sentence Reduction (Doc. No. 2342) is granted in part.  While the court declines to reduce Mr. Jordan's sentence to time served, it concludes Mr. Jordan's sentence of incarceration should be reduced from 120 months to 84 months.  Following Mr. Jordan's release from BOP custody, the same conditions of supervised release set out in the court's original Judgment (Dkt. No. 1926) should be imposed.

The court grants Mr. Jordan's Motion to Seal (Doc. No. 2343).

**SO ORDERED.**

Dated at New Haven, Connecticut this 3rd day of February 2025.


　　　　　　　　　　　　　　　　　　　　 /s/ Janet C. Hall_____
　　　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　　　United States District Judge